# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JORDAN E. LUBIN, CHAPTER 7 TRUSTEE | |
| Plaintiff, | CIVIL ACTION NO. 1:09-CV-1156-RWS |
| v. | |
| CINCINNATI INSURANCE COMPANY, STEVEN M. SKOW, SUZANNE LONG, DOUGLAS G. BALLARD II and ROBERT F. SKEEN, III, | |
| Defendants | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF INTEGRITY BANK OF ALPHARETTA, GEORGIA, | |
| Plaintiff-in-Intervention | |
| v. | |
| JORDAN E. LUBIN, CHAPTER 7 TRUSTEE, | |
| Defendant-in-Intervention | |

## ORDER

This case is before the Court for consideration of Defendants' Motion to Withdraw Reference [1]; Defendants' Renewed Motion to Withdraw Reference [5]; and Plaintiff's Motion for a Hearing [8]. After reviewing the record, the Court enters the following Order.

## Factual Background

Integrity Bancshares, Inc. ("Integrity") is an Atlanta-based bank holding company. Integrity's wholly-owned subsidiary, Integrity Bank ("Bank") was a full service independent community bank. On August 29, 2008, the Bank went into receivership and its assets were taken over by the FDIC. On October 13, 2008, Integrity filed a Voluntary Bankruptcy Petition under Chapter 7 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia.

On February 3, 2009, the Trustee initiated the an Adversary Proceeding against Steven M. Skow, Suzanne Long, Douglas G. Ballard, II, and Robert F. Skeen, III (the "Individual Defendants") who are former directors and officers of Integrity and/or the Bank. The Trustee seeks damages against the Individual Defendants for breaches of fiduciary duties, negligence, and attorney's fees.

Prior to the assets of the Bank being taken over by the FDIC, Integrity purchased a D&O liability policy[1] (the " Policy") from Cincinnati Insurance Company providing liability coverage for certain claims against the Individual Defendants. On February 3, 2009, Plaintiff filed the instant declaratory judgment action seeking to determine Integrity's rights with respect to the coverage provided by the Policy. On March 5, 2009, Defendants filed a Motion to Withdraw the Reference [1], and on April 29, 2009, Defendants filed a Renewed Motion to Withdraw the Reference [5]. In the interval between Defendants' two motions to withdraw, the FDIC filed a motion to intervene in the adversary proceeding. Contemporaneously with filing the Motion to Withdraw Reference, Defendants filed a Jury Demand, a Motion to Dismiss, a Motion to Stay, and a Motion to Consolidate this Matter with Adversary Proceeding No. 09-06057.

## **Discussion**

Defendants assert that withdrawal of the reference is mandated by 28 U.S.C. § 157(d) because "resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or

---

[1]Blue Chip Policy #873 72 76.

AO 72A
(Rev.8/82)

activities affecting interstate commerce." 28 U.S.C. § 157(d). Defendants assert that the Complaint will require substantial and material consideration of the Financial Institutions Reform Recovery and Enforcement Act ("FIRREA").

Withdrawal of a reference is governed by 28 U.S.C. § 157(d):

The district court may withdraw, in whole, or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11. . .and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Thus, the statute authorizes two types of withdrawals. The first sentence of the statute authorizes permissive withdrawal, and the second sentence provides for mandatory withdrawal. Two different approaches have been utilized for determining whether withdrawal is mandatory. The "literal theory" requires the district court to withdraw the reference if the proceeding requires consideration of both Title 11 and "other laws of the United States regulating organizations or activities affecting interstate commerce . . . regardless of the substantiality of the legal questions presented." In Re: American Body Armor & Equip., Inc., 155 B.R. 588, 590 (M.D. Fla. 1993).

4

The "substantial and material test" requires withdrawal "only if the court can make an affirmative determination that resolution of the claim will require substantial and material consideration of those non-Code statutes which have more than a *de minimis* impact on interstate commerce." In Re: TPI Int'l Airways, 222 B.R. 663, 667 (quoting In Re: White Motor Corp., 42 B.R. 693, 705 (N.D. Ohio 1984). The Court finds that the "substantial and material test" is "consistent with Congressional intent and [has] been adopted by other courts in the Eleventh Circuit." Holmes v. Grubman, 315 F. Supp.2d 1376, 1379 (M.D. Ga. 2004), and therefore, will utilize that test.

Subsequent to the filing of Plaintiff's response brief to the initial Motion to Withdraw and the Response Brief to the Renewed Motion to Withdraw, the FDIC was granted permission to intervene in the Adversary Proceeding. The FDIC has filed a Response Brief to the Renewed Motion to Withdraw Reference [11] in which the FDIC asserts that substantial and material consideration of FIRREA will be required "to determine whether the derivative claims asserted in the Trustee's Amended Complaint belong exclusively to the FDIC as Receiver of Integrity Bank." (FDIC's Resp. Br. [12] at 4.) Plaintiff has not refuted this contention. In light of the position taken by the FDIC, the Court

5

finds that substantial and material consideration of FIRREA is likely to be required in this case. Therefore, the Court finds that mandatory withdrawal of the reference is appropriate.[2]

If mandatory withdrawal were not required, the Court finds that this would be an appropriate case for permissive withdrawal. "The decision of whether to grant a motion for permissive withdrawal is within the sound discretion of the district court. In order to establish that permissive withdrawal is appropriate, the moving party must demonstrate that sufficient 'cause' exists for withdrawal." In re TPI Int'l Airways, Inc., 222 B.R. 663, 668 (S.D. Ga. 1998)(citations omitted). Though the Eleventh Circuit has not specifically addressed what constitutes sufficient cause, it has stated that in making this determination, "a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of parties' resources, and facilitating the bankruptcy process." In re Parklane/Atlanta Joint Venture, 927 F.2d 532,

---

[2] Plaintiff opposed the Motion to Withdraw Reference on the ground that the original Motion was untimely. Even if the original Motion were untimely, the intervention of the FDIC warranted the Renewed Motion. Therefore, the Court declines to deny the Motions on timeliness grounds.

6

536 n.5 (11th Cir. 1991)(citations omitted). "Other courts utilize these factors as well as other considerations such as: (1) whether the claim is core or non-core, (2) efficient use of judicial resources, (3) a jury demand, and (4) prevention of delay. In re TPI Int'l Airways, Inc. 222 B.R. at 668 (citations omitted).

The Court finds that the claims asserted by Plaintiff are non-core. Also, Defendants have demanded a jury trial. The Court has reservations about whether there are likely to be significant factual issues in this declaratory judgment action that would warrant a jury trial. The Court also recognizes that, even if a jury trial were warranted, the Bankruptcy Court could conduct pretrial proceedings. However, the Court finds that withdrawal of the reference would result in a more efficient use of judicial resources. Because this Court will be considering the companion proceeding (Case No. 1:09-CV-1155-RWS), greater efficiency can be achieved by handling this case as well. Therefore, the Court finds that permissive withdrawal of the reference would be appropriate.

## Conclusion

The Court finds that the issues were adequately briefed and a hearing is not required. Therefore, Plaintiff's Motion for Hearing [8] is **DENIED**. Based

7

on the foregoing analysis, Defendant's Motion to Withdraw Reference and Renewed Motion to Withdraw Reference [1 and 5] are **GRANTED**.  The reference of this action to the Bankruptcy is hereby **WITHDRAWN**.  The parties shall submit a Joint Preliminary Report and Discovery Plan to the Court within twenty (20) days of the entry of this Order.

**SO ORDERED**, this  20th  day of July, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)